**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MORGAN BEAUMONT, INC.,

    Plaintiff,

v.                        CASE NUMBER: 8:03-CV-2449-T-17MAP

FIRST NATIONAL BANK OF CENTRAL
TEXAS, a foreign corporation;
FISCRIP, LLC, a foreign corporation;
TRANSCEND, LLC, a foreign
corporation; SUPERIOR BANK, a
foreign corporation; FINANCIAL
SERVICES INTERNATIONAL, a foreign
corporation; VIRTUAL MONEY, INC., a
foreign corporation; OPTIMUM PAY, a
foreign corporation,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    This cause is before the Court on First National Bank of
Central Texas' motion to dismiss for lack of personal
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and,
alternatively, for failure to state a claim upon which relief
can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No.
19), and Plaintiff's response thereto (Docket No. 21).

CASE NUMBER: 8:03-CV-2499-T-17MAP

## DISCUSSION

**PERSONAL JURISDICTION**

In determining whether to dismiss a case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the Court must satisfy a two part inquiry. <u>Venetian Salami Co. v. Parthenais</u>, 554 So.2d 499 (Fla. 1989). First, the Court must determine whether Florida's long-arm statute provides a basis for personal jurisdiction over the defendant. Second, if the long-arm statute prong is satisfied, the Court must determine whether the defendant had minimum contacts with the forum and whether exercising jurisdiction would violate "traditional notions of fair play and substantial justice." <u>Future Tech. Today, Inc. v. OSF Healthcare Sys.</u>, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting <u>Int'l Shoe v. Washington</u>, 326 U.S. 310 (1945)).

**Florida Long-Arm Statute**

Regarding the first prong of the personal jurisdiction analysis, First National Bank of Central Texas ("FNB") contends that plaintiff's claims against it should be dismissed because they do not satisfy relevant provisions of the Florida long-arm statute. In its first amended complaint, the plaintiff alleged that FNB fell within the jurisdiction of Florida courts because it satisfied sections (1)(a) and (1)(g) of the long-arm statute, which provides for specific jurisdiction over nonresident defendants when the cause of action arises from, respectively, "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," or "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a), (g) (2005).

2

CASE NUMBER: 8:03-CV-2499-T-17MAP

FNB argues that section (1)(a) of the long-arm statute does not provide for jurisdiction because FNB does not operate, conduct, engage in, or carry on a business or business venture in the state, nor does it have an office or agency in this state.  Specifically, FNB cites the following facts to support its contention:  FNB is a Texas corporation with its principal place of business in Waco, Texas; FNB has no branches or offices outside of the State of Texas; over 97% of FNB's checking account customers reside in or are located within the State of Texas; over 98% of FNB's borrowers reside in or are located within the State of Texas; FNB is not licensed to do business in Florida; FNB does not have an agent for service of process in Florida; FNB does not solicit banking customers or contracts within Florida; FNB does not advertise in Florida; and FNB does not have any agents, employees, or representatives that do business in Florida on its behalf.

These facts, however, are not dispositive.  The United States Supreme Court has held that physical presence within a state is not required for the exercise of personal jurisdiction. Burger King v. Rudzewicz, 471 U.S. 462, 476 (1985). Furthermore, to establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent, "[t]he activities of the [defendant] sought to be served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit." Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561, 564 (Fla. 1975).  FNB was involved in the venture, along with the plaintiff and the other parties to this case, to market, distribute, and issue the Stored Value Cards to, among other destinations, the State of Florida.  FNB was the issuing bank for all of the cards distributed by this venture, including the cards sent to Florida customers.  Because FNB was involved with

3

CASE NUMBER: 8:03-CV-2499-T-17MAP

this business venture and sought to gain pecuniary benefit from
cards issued to Florida customers, this case satisfies section
(1)(a) of Florida's long-arm statute.  Furthermore, because the
Court has already determined that this claim satisfies section
(1)(a) of Florida's long-arm statute, there is no need to
address FNB's contention that the plaintiff's claim fails to
satisfy (1)(g) of the statute.

## Minimum Contacts

The next step of the personal jurisdiction inquiry requires
the Court to determine whether FNB's activities constitute
sufficient minimum contacts with the State of Florida.  Where,
as here, a forum seeks to exercise specific jurisdiction over a
non-resident defendant, "due process requires the defendant to
have 'fair warning' that a particular activity will subject him
to the jurisdiction of a foreign sovereign."  Madara v. Hall,
916 F.2d 1510, 1516 (11th Cir. 1990) (quoting Burger King Corp.
v. Rudzewicz, 471 U.S. 462, 472 (1985)).  Furthermore, the suit
must arise out of, or be related to, the defendant's minimum
contacts with the forum.  Id. at 1516.  If, however, the
defendant's activities are unrelated to the suit, or are of such
nature that he would not anticipate being haled into the forum
state's courts, exercise of specific jurisdiction is not proper.

Here, FNB purposely directed his activities at the State of
Florida by agreeing to fulfill the responsibilities of the
issuing bank for the Stored Value Cards.  By sending its cards
to customers in the State of Florida and by joining in a
business venture involving Florida businesses, FNB knowingly
availed itself of the privileges of doing business in this State
and, as such, should reasonably have expected to be haled into
court in this State.  FNB, therefore, had minimum contacts

4

CASE NUMBER: 8:03-CV-2499-T-17MAP

sufficient to support this Court's exercise of jurisdiction over this claim.

**Fair Play and Substantial Justice**

Even if the Court finds that FNB had sufficient minimum contacts with Florida, exercise of personal jurisdiction in this case would be improper if it does not "comport with fair play and substantial justice." Burger King, 471 U.S. at 477-478.  To determine whether the forum would meet this fairness standard, courts look at the following factors: (1) burden on the defendant, (2) the forum state's interest in the case, (3) the plaintiff's interest in convenient and effective relief, and (4) the judicial system's interest in efficient resolution of controversies. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1251 (11th Cir. 2000)(quoting Burger King, 471 U.S. at 466).

FNB first argues that litigating this case in Florida would place such substantial burdens on it that exercise of jurisdiction would be unfair.  This argument is not convincing, as FNB is an established bank with resources to litigate in Florida.  FNB then contends that the forum State, Florida, does not have a strong interest in this case.  This statement is also inaccurate, because Florida courts undoubtedly have a strong interest in securing the rights of its citizens who received the FNB-issued Stored Value Cards.  Finally, FNB claims that the judicial system's interest in efficient resolution of controversies favors dismissal, but since FNB does not explain why adjudication of this controversy in this forum would fail this standard, this Court concludes that litigating here would not be inefficient.

For all of the forgoing reasons, this Court holds that exercise of jurisdiction over FNB in this case is proper.

CASE NUMBER: 8:03-CV-2499-T-17MAP

**CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The purpose of a Fed. R. Civ. P. 12(b)(6) motion to dismiss is "to test the facial sufficiency of the statement of claim for relief." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). Such motions are to be read "alongside Fed. R. Civ. P. 8(a), which requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 1368 (quoting Fed. R. Civ. P. 8(a)). When determining whether to grant a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded facts as true and construe all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 (11th Cir. 1999). A district court may dismiss a party's complaint for failing to comply with pleading rules. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1203 (11th Cir. 2001).

**Fraud Claims**

First, FNB claims that the plaintiff's fraud claims should be dismissed because it fails to plead the fraud claim with particularity as required by Fed. R. Civ. P. 9(b), which provides that "the circumstances constituting fraud or mistake shall be stated with particularity." The primary purpose of this requirement is to alert "defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(quoting Durham v. Business Management Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)). The particularity requirement, however, must not be construed to "abrogate the concept of notice pleading." Durham, 847 F.2d at 1511.

6

CASE NUMBER: 8:03-CV-2499-T-17MAP

In Durham, on which the plaintiff relies, the court stated
that "[a]llegations of date, time or place satisfy the Rule 9(b)
requirement that the circumstances of the alleged fraud must be
pleaded with particularity, but alternative means are also
available to satisfy the rule." Id. at 1512.  The Durham court
noted that the appellees had also submitted an affidavit to show
the requisite particularity. Id.  Here, the plaintiff pleaded
only that, "[FNB], through its agents ECC and Virtual,
represented to Morgan that it could provide certain services to
Morgan for the electronic cash card and the Stored Value Card."
This claim does not provide information regarding the "date,
time or place" to satisfy Rule 9(b), nor did the affidavit of
Ken Craig provide the missing information.  Because the
plaintiff failed to plead the fraud claims with particularity,
nor did it submit affidavits to provide the requisite details,
FNB's motion to dismiss with respect to the fraud claim is
granted.

**Civil Conspiracy Claim**

FNB next argues that the Court should dismiss the
plaintiff's conspiracy claim because it failed to properly plead
an agreement and an overt and wrongful act to support its
conspiracy counts.  To state a claim for conspiracy, the
plaintiff must allege the following in its complaint:  (1) an
agreement among two or more parties, (2) the doing of an
unlawful act or lawful act by unlawful means, (3) the doing of
some overt act in pursuance of the conspiracy, and (4) damage
sustained by the plaintiff as a result of the conspiracy.
Haskins v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439
(M.D. Fla. 1988)(quoting Florida Fern Growers Ass'n v. Concerned
Citizens of Putnam County, 616 So. 2d 562, 565 (Fla. Dist. Ct.
App. 1993)).

7

CASE NUMBER: 8:03-CV-2499-T-17MAP

The plaintiff need not, however, plead detailed and particular facts to support a claim of civil conspiracy. Because the Fed. R. Civ. P. 8(a) "embod[ies] the liberalized concept of 'notice pleading,' a complaint need contain only a statement calculated to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" U.S. v. Baxter Intern., 345 F.3d 866, 881 (11th Cir. 2004). The 11th Circuit Court of Appeals has held that the "threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low,' and a District Court cannot impose upon plaintiffs 'the burden to plead with the greatest specificity they can.'" Id. Indeed, the liberal standards of Rule 8 notice pleading is merely the "starting point of a simplified pleading system" and has no regard to whether the plaintiff can win on the merits. Id.

Here, the plaintiff, in its first amended complaint, alleged the following: (1) FNB and other defendants agreed among themselves  to (2) "prevent [the plaintiff] from successfully marketing the Electronic Cash Card Program," (3) FNB and other defendants "overtly acted to further the conspiracy by failing to provide the support necessary for the electronic cash cards, by failing to submit the necessary paperwork to Master Card, by failing to provide proper accounting reports and records, and other acts which were designed to prevent the successful marketing of the electronic cash card,"s and (4) plaintiff "suffered damages which are ongoing" as a result of the alleged conspiracy. Pl.'s 1st Amend. Compl. ¶ 132-134 (July 9, 2004). These allegations satisfy the standards of Rule 8(a) notice pleading because they fairly notify the defendant of the plaintiff's claim and the grounds upon which it rests. Defendant's motion to dismiss the conspiracy claim is, therefore, denied.

8

CASE NUMBER: 8:03-CV-2499-T-17MAP

**Breach of Contract Claim**

FNB also contends that the plaintiff's breach of contract
claim does not provide sufficient notice under Rule 8(a).  As
discussed earlier, Rule 8(a) sets a very low threshold for
determining the sufficiency of facts in the statement of a
claim.  Rule 8(a) requires only a "short and plain statement of
the claim showing that the pleader is entitled to relief."  Fed.
R. Civ. P. 8.  This standard requires the plaintiff to plead
just enough to give the defendant fair notice of "what the
plaintiff's claim is and the grounds upon which it rests."
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Here, the plaintiff alleges that FNB breached its duties as
the issuing bank for the Stored Value Cards by failing to issue
the cards.  Furthermore, the plaintiff alleges that FNB's
failure to issue the cards caused it to lose customers and incur
other damages.  These allegations are sufficient to satisfy the
Rule 8 standard for notice pleading.

FNB responds, however, that it had no agreement with the
plaintiff - its agreement was with other parties to the case.
The existence, or lack, of a direct agreement between FNB and
the plaintiff is not dispositive, as Florida courts have held
that "a party who appears bound by a contract may be estopped
from denying his obligations under the contract as against one
who has relied on that appearance."  Pinnacle Port Community
Assoc. v. Orenstein, 872 F.2d 1536, 1545 (11th Cir. 1989).  The
plaintiff alleges that it detrimentally relied on FNB's letter
dated September 20, 2002, in which FNB expressed approval for
the Stored Value Card program and agreed to act as the issuing
bank pursuant to its agreements with other parties to this case.
Because the plaintiff relied on this agreement, FNB is estopped
from denying its obligations under the contract and FNB's motion

9

CASE NUMBER: 8:03-CV-2499-T-17MAP

to dismiss the breach of contract claim is denied.  Accordingly, it is

ORDERED that the motion to dismiss (Docket No. 19) for lack of personal jurisdiction be denied; the motion to dismiss on the fraud claims be granted, without prejudice; and the motion to dismiss on the contract and conspiracy claims be denied.  The plaintiff has ten (10) days from the date of this order to amend the complaint as to the fraud claims.

DONE and ORDERED in Chambers, in Tampa, Florida, this 11th day of July, 2005.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record.